Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY TAVE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FOUR STAR DISTRIBUTION, INC., a Nevada corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1. UNFAIR COMPETITION UNDER SECTION 43(A) OF THE LANHAM ACT, FALSE ENDORSEMENT (15 U.S.C. § 1125(A));<br>2. UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200, ET SEQ.;<br>3. UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW;<br>4. RELIEF FOR VIOLATION OF CALIFORNIA CIVIL CODE § 3344;<br>5. MISAPPROPRIATION OF LIKENESS UNDER CALIFORNIA COMMON LAW.<br><br>**JURY TRIAL DEMANDED**<br>**INJUNCTIVE RELIEF SOUGHT** |

Plaintiff Anthony Tave hereby prays to this honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1. This action arises under Section 39 of the Lanham Act (15 U.S.C. § 1121).

1 - COMPLAINT

2.      This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b) and has supplemental jurisdiction over the related state claims pursuant to 28 U.S.C. § 1367.

3.      Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

### PARTIES

4.      Plaintiff, ANTHONY TAVE ("Plaintiff," "Tony Tave," or "Tave") is an individual residing in Los Angeles, California.

5.      Upon information and belief, Tave alleges that Defendant Four Star Distribution, Inc. ("Four Star"), individually and doing business as "C1RCA," is a Nevada entity with its primary place of business located in Las Vegas, Nevada 89123. Upon information and belief, Four Star is doing business with the State of California including providing goods and services in California. C1RCA is an established skate shoe brand.

6.      Upon information and belief, Tave alleges that Defendants DOES 1 through 10 (together with Four Star, "Defendants"), inclusive, are other parties not yet identified who have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of DOES 1 through 10, inclusive, are presently unknown to Tave which therefore sues said Defendants by such fictitious names and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7.      Upon information and belief, Tave alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances,

2 - COMPLAINT

including, but not limited to, full knowledge of each violation of Tave's rights and the damages to Tave proximately caused thereby.

## GENERAL FACTUAL ALLEGATIONS

### Plaintiff TONY TAVE

8.    Plaintiff Tony Tave is a professional skateboarder with longstanding sponsorships from prominent brands and featured appearances in iconic skate videos. Tave has developed substantial commercial recognition and strong rights of publicity.

9.    In 2006, Tave signed an agreement that granted Four Star an exclusive worldwide license to use his endorsement in connection with the advertisement, manufacture, development, distribution, promotion, and sale of C1RCA footwear, apparel, and accessories. However, the 2006 Agreement was expressly term-limited (five years) and expired in 2011. While Four Star renewed the 2006 Agreement in 2011, that agreement was likewise term-limited and expired in 2012. Thus, neither the 2006 Agreement nor the 2011 Agreement (collectively, the "Endorsement Agreements") authorize an open-ended use of Mr. Tave's identity.

10.    Despite the expiration of the Endorsement Agreements over a decade ago, Four Star continues to sell Tony Tave-branded merchandise in the United States and abroad including products that bear "TAVE TT" or "TT."

11.    Below are non-exclusive exemplars of Four Star's ongoing use of Tave's name in connection with the sale of C1RCA footwear on C1RCA's official global websites including https://c1rca.com/, https://circa.cl/, https://c1rca.eu/, and https://c1rca.com.ar/shop/, as well as the retailer Zumiez website https://www.zumiez.com/.

///

///

///

**C1RCA Listings:**



12.    Four Star's unauthorized use of Tave's identity has deprived Tave of control over how he utilizes his endorsement, undermining his ability to manage and protect the integrity of his brand association.

## FIRST CLAIM FOR RELIEF

For Unfair Competition under Section 43(a) of

the Lanham Act, False Endorsement (15 U.S.C. § 1125(a))

(By Tave against all Defendants)

13.    Plaintiff incorporates by this reference all paragraphs of this Complaint

as if set forth in full in this cause of action.

14.     Plaintiff's signature and name have secondary meaning, as that term is understood in trademark law. As described above, Defendants falsely used Plaintiff's name in connection with the sale of C1RCA footwear, creating the false impression that the Plaintiff endorses C1RCA. Members of the public have come to recognize the Plaintiff's name as suggestive of the Plaintiff's involvement or endorsement when they are used in commerce. Four Star made a calculated and underhanded effort to promote their products and attract customers using the goodwill and recognition that many have come to associate with Plaintiff's name, thereby generating revenue for Four Stars.

15.     The goodwill and reputation associated with Plaintiff's name are significant throughout the general public, especially within the skateboarding community. The Plaintiff's name is known throughout the United States, the State of California, and the world, as a source of origin for his services and endorsements.

16.     Four Stars' use of the Plaintiff's name is designed to create and do create the false and deceptive commercial impression that Four Star and their products are associated with and/or endorsed by the Plaintiff. The use by Four Star of the Plaintiff's name is likely to cause confusion, mistake, or deception of purchasers as to the Plaintiff's endorsement of the goods, especially given Tave's prior endorsement of Four Stars and C1RCA through the prior, now terminated, Endorsement Agreements.

17.     On information and belief, it is alleged that C1RCA is offering to sell, selling, and marketing products bearing Tave's name, knowing the Endorsement Agreements have expired and do not authorize and open-endued use of Tave's identity.

18.     Customers and potential purchasers are likely to be attracted to Four Star's goods as a result of the misconduct described herein. Such goods enjoy an elevated standing as a result of a false association with the Plaintiff.

19.     By Four Star's conduct alleged here, Four Star has wrongfully

appropriated for itself business and goodwill value that properly belongs to the Plaintiff and that the Plaintiff has invested time, money, and energy in developing.

20.    By reason of Four Star's acts of unfair competition as alleged herein, the Plaintiff has suffered and will continue to suffer substantial damages to their businesses in the form of diversion of trade, loss of profits, and a dilution in the value of their rights and reputation, all in amounts which are not yet ascertainable but which are estimated to be not less than $150,000.

21.    By virtue of Four Star's acts hereinabove described, Four Star has committed, and are continuing to commit, unlawful, unfair, and fraudulent business acts in violation of, inter alia, 15 U.S.C. § 1125(a).

22.    Given Four Star's sale, offering for sale, and/or distribution of counterfeit goods, it is liable for treble damages, attorneys' fees, and statutory damages of up to $2,000,000.00 per counterfeit mark per type of goods sold, offered for sale, or distributed, as the court considers just.

23.    Four Star's acts of unfair competition in violation of 15 U.S.C. § 1125(a) have caused, and will continue to cause, damage and irreparable harm to the Plaintiff (as described above) and is likely to continue unabated, thereby causing further damage and irreparable harm to the Plaintiff, the goodwill associated with the Plaintiff's valuable and well-known name, and the Plaintiff's business relationships, unless preliminarily and permanently enjoined and restrained by the Court.

24.    The Plaintiff has no adequate remedy at law and will suffer irreparable injury if Four Star is allowed to continue to engage in the wrongful conduct herein described.

25.    In committing these acts of unfair competition, Four Star acted willfully, wantonly, and recklessly; and with conscious disregard for the Plaintiff's rights. The Plaintiff is therefore entitled to actual and statutory damages as allowed by law.

## SECOND CLAIM FOR RELIEF
For Unfair Competition under

California Business and Professions Code §§ 17200, et seq.

(By Tave against all Defendants)

26.    Plaintiff incorporates by this reference all paragraphs of this Complaint as if set forth in full in this cause of action.

27.    Four Star, by means of the conduct described above, have engaged in, and are engaging in, unlawful, unfair, fraudulent and deceptive business practices under California Business and Professions Code §§ 17200 through 17203. These acts and practices undertaken by Four Star violate California Business & Professions Code § 17200 in that they are—as described above—unfair, fraudulent, and/or unlawful. Specifically, without limiting the generality of the foregoing, such acts and practices constitute violations of the Lanham Act, and are and were fraudulent in that: (a) Four Star seeks to deceive consumers regarding C1RCA's association with Plaintiff, and (b) the general public and trade is likely to be confused regarding the business relationship between the Plaintiff and Four Star and C1RCA. Further, without limiting the generality of the foregoing, the harm to the Plaintiff and to members of the general public far outweighs the utility of Four Star's practices and, consequently, Four Star's practices constitute an unfair business act or practice within the meaning of Business and Professions Code § 17200.

28.    The Plaintiff has sustained, and will continue to sustain, serious and irreparable injury to his businesses and reputation, as a direct and proximate result of Four Star's conduct (as described above). Unless Four Star is enjoined by this Court, there is a substantial possibility that they will continue to engage in such unlawful, unfair, and deceptive business practices, for which the Plaintiff is without an adequate remedy at law. Accordingly, the Plaintiff is entitled to a preliminary injunction and permanent injunction against Four Star and its officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, and all persons acting in concert with them, prohibiting them from engaging in further unlawful, unfair and/or fraudulent business practices.

29.     As a direct result of Four Star's unlawful, unfair, fraudulent, and deceptive business practices, Four Star has received, and continues to receive, income and profits that they would not have earned but for their unlawful, unfair, and deceptive conduct and the Plaintiff is entitled to disgorgement of such funds wrongfully obtained.

30.     By reason of C1RCA's acts of unfair competition as alleged herein, the Plaintiff has suffered and will continue to suffer substantial damage to his businesses in the form of loss of profits, and a dilution in the value of their rights and reputations, all in amounts which are not yet ascertainable but which are estimated to be not less than the jurisdictional minimum of this court.

31.     The Plaintiff is also entitled under the provisions of Business and Professions Code §17208 to an injunction prohibiting Defendants, and each of them, from engaging in any act, directly or indirectly, which constitute unlawful, unfair, and deceptive business practices.

32.     In committing these acts of unfair competition, Four Star acted willfully, wantonly, and recklessly; and with conscious disregard for the Plaintiff's rights. The Plaintiff is therefore entitled to actual and statutory damages as allowed by law.

33.     Four Star's conduct, if allowed to proceed and continue and/or let stand, will cause irreparable damage to the Plaintiff's valuable business relationships and consumer relations and will require the Plaintiff to undertake efforts to mitigate damage to such relations, all to the Plaintiff's detriment.  Further, such mitigation costs will require substantial time, effort, and expenditures by the Plaintiff, all to the Plaintiff's detriment.

### THIRD CLAIM FOR RELIEF
For Unfair Competition under California Common Law

(By Tave against all Defendants)

34.     Plaintiff incorporates by this reference all paragraphs of this Complaint as if set forth in full in this cause of action.

35.     The above-described conduct of Four Star constitutes unfair competition under the common law of the State of California.

36.     As a result of Four Star's actions, the Plaintiff has been damaged in an amount to be proven at trial.

### FOURTH CLAIM FOR RELIEF

For Relief for Violation of California Civil Code § 3344 & 3344.1

(By Tave against all Defendants)

37.     Plaintiff incorporates by this reference all paragraphs of this Complaint as if set forth in full in this cause of action.

38.     California Civil Code § 3344(a) provides:

"Any person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without that person's prior consent, or, in the case of a minor, the prior consent of their parent or legal guardian, shall be liable for any damages sustained by the person or persons injured as a result thereof. In addition, in any action brought under this section, the person who violated the section shall be liable to the injured party or parties in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered by them as a result of the unauthorized use, and any profits from the unauthorized use that are attributable to the use and are not taken into account in computing the actual damages. In establishing these profits, the injured party or parties are required to present proof only of the gross revenue attributable to the unauthorized use, and the person who violated this section is required to prove their deductible expenses. Punitive damages may also be awarded to the injured party or parties. The prevailing party in any action under this section shall also be entitled to attorney's fees and costs."

39.     Each such use was unequivocally and directly for purposes of advertising or selling, or soliciting purchases of products, merchandise, goods, or services by Four Star, such that prior consent was required.

40.     As a direct and proximate result of Four Star's wrongful acts, Plaintiff has been damaged in an amount that is not yet fully ascertainable, but which exceeds

the jurisdictional minimum of this court.

41.    Plaintiff is informed and believe and based thereon allege that Four Star, in committing the above-described actions, acted willfully, maliciously, and oppressively, and with full knowledge of the adverse effects of their actions on Plaintiff, and with willful and deliberate disregard for the consequences to Plaintiff. By reason thereof, Plaintiff is entitled to recover statutory, punitive, and exemplary damages from Four Star, in an amount to be determined at the time of trial.

42.    Plaintiff seeks actual and statutory damages under this section, as well as their costs and attorneys' fees. They also seek a preliminary and permanent injunction to prohibit Four Star from any further use of his name or persona for Four Star's advantage.

### FIFTH CLAIM FOR RELIEF
For Misappropriation of Likeness under California Common Law

(By Tave against all Defendants)

43.    Plaintiff incorporates by this reference all paragraphs of this Complaint as if set forth in full in this cause of action.

44.    Four Star's conduct alleged above, constitutes a violation of the Plaintiff's common law rights of publicity and privacy, because Four Star knowingly used Plaintiff's name and signature for their advantage and without authorization.

45.    Plaintiff is informed and believe and based thereon allege that Four Star in committing the above-described actions, acted willfully, maliciously, and oppressively, and with full knowledge of the adverse effects of their actions on Plaintiff, and with willful and deliberate disregard for the consequences to Plaintiff. By reason thereof, Plaintiff is entitled to recover punitive and exemplary damages from Four Star in an amount to be determined at the time of trial.

46.    Plaintiff also seeks a preliminary and permanent injunction to prohibit Four Star from any further use of Plaintiff's name and signature for Four Star's advantage. Plaintiff also seeks actual damages.

## <u>REQUEST FOR INJUNCTIVE RELIEF</u>

In connection with the claims set forth above, Plaintiff seeks injunctive relief in the form of an order precluding Four Star and its affiliates from offering for sale, selling, marketing, distributing or otherwise exploiting Plaintiff's name, products and marketing materials incorporating Plaintiff's name. Plaintiff's name has been exploited in violation of the Lanham Act and as such this Court should grant injunctions according to the principles of equity and upon reasonable terms to prevent the violation of Plaintiff's rights. Plaintiff here shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation of Plaintiff's rights.

## <u>PRAYER</u>

WHEREFORE, Plaintiff prays judgment against Four Star as follows:

1. That Plaintiff is awarded all damages sustained due to the acts complained of herein, subject to proof at trial;

2. That Plaintiff is awarded costs and expenses in this action;

3. That Plaintiff is awarded attorneys' fees;

4. For an order permanently enjoining Four Star and its employees, agents, servants, attorneys, representatives, successors, and assigns, and all persons in active concert or participation with any of them, from engaging in the misconduct referenced herein;

7. For disgorgement of all proceeds, and restitution of the monies wrongfully received by Four Star as the result of their wrongful conduct, and for the entry of a constructive trust over all such proceeds to be then tendered to Plaintiff;

8. That Plaintiff be awarded statutory, actual, treble, and exemplary damages, including without limitation as available under the Lanham Act and 15 U.S.C.A. § 1114;

9. That Plaintiff is awarded punitive damages in an amount sufficient to deter Four Star from its wrongful conduct; and

10.     For further relief, as the Court may deem appropriate.

## **JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: May 5, 2026                 By:     */s/ Stephen M. Doniger*
Stephen M. Doniger, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff